[Civ. No. 26543.    Second Dist., Div. Three.    Sept. 3, 1963.]

OCEAN STATE BUILDERS, INC., Plaintiff and Respondent, v. EMIL R. BROZ, Defendant and Appellant.

Joseph P. Argenta, F. Walter French and Andrew E. Colvin for Defendant and Appellant.

Moidel, Moidel, Moidel & Smith and Leonard Smith for Plaintiff and Respondent.

SHINN, P. J.—The relief sought by plaintiff in the present action was a decree establishing the existence of a partnership between plaintiff and defendants, Emil R. and Marian M. Broz, the equal ownership by plaintiff and said defendants of an improved parcel of real property, and for a partnership accounting.[1] Defendants denied the existence of a partnership relation with plaintiff and denied that plaintiff owned any interest in the real property. They also filed a cross-complaint, which they dismissed. The interlocutory and final judgments declared the existence of a partnership in which plaintiff and defendants had equal interests, that they owned the real property in equal interests, and awarded plaintiff a judgment against defendants in the amount of $18,750 and costs. Emil R. Broz appeals from the final judgment. The grounds of the appeal are (1) there was insufficient evidence to support the finding of the existence of a partnership; (2) if a partnership existed it was terminated by the acts of the parties; (3) the court erred in failing to order a reference for an accounting; (4) the court erred in failing to make special findings as requested by appellant; and (5) it was error to award plaintiff costs by a *nunc pro tunc* order.

---

[1] It was stated in the pretrial statement of plaintiff and Marian Broz that Marian Broz had conveyed her interest in the property to Emil and that he had deeded the property to Herbert S. and Dorothy Ruth Wilson. The complaint named as defendants "Doe I and Doe II" but on motion of plaintiff it was dismissed as to "all defendants who have not answered or defaulted." Only Emil and Marian Broz had answered.

We have concluded that the judgment must be reversed insofar as it awards plaintiff $18,750 against Emil R. Broz. ■ There was no written agreement for the creation of a partnership; the evidence upon that issue consisted of the testimony of the two men who conducted the negotiations, and their wives. The contention that the evidence was insufficient to prove the existence of a partnership is clearly unsound. Defendant's argument on this point is no more than a request that this court reject the testimony of the witnesses the trial court believed and accept the testimony of the witnesses which the trial court disbelieved; this, of course, is a vain effort.

Plaintiff is a corporation owned by Roy Mau. Roy and Chester Mau and their respective wives are its officers and directors. Chester was a loan officer of Union Federal Savings and Loan Association; Emil Broz was a general contractor who had done business with Union Federal and Chester, as its loan officer. In 1958, Union Federal held a substantial loan on an unfinished building in Santa Monica; it was desirable to find someone who would finish the building; Chester, who had had business transactions with Emil, approached the latter to interest him in finishing the building for Mr. and Mrs. Mead, the then owners. When foreclosure by Union Federal was imminent, Chester asked Broz if he was interested in buying the unfinished building. Mr. and Mrs. Broz took title to the property and undertook to complete the building. Thereafter Broz asked Chester if he would go into a partnership on the building, each contributing $5,000. Chester declined to do this for the reason that he could not be interested in any property upon which Union Federal held security for a loan. Explaining this situation, Chester said he would try to find a partner for Broz, to which Broz gave his assent. Chester had in mind the formation of a partnership between Ocean State and Broz. But Broz, not denying that he entered into a partnership with some one, contended at the trial, and now contends, that if he acquired a partner it was not Ocean State but Chester Mau. Appellant's brief ignores the testimony that is inconsistent with this contention and argues that at the time of the negotiations Roy was out of the state and that since he was, in effect, the corporation, a partnership agreement could not have been entered into by the corporation except through Roy as the president and owner of the corporation. However, the evidence was that during Roy's absence Chester had unlimited authority to act for and bind the corporation.

It appears that before acquiring title to the property Broz had estimated to Chester that it would cost altogether about $35,000 to complete the building, of which $24,000 would be available as the balance of the loan that had been made by Union Federal, and he stated that he, Broz, did not have the additional $10,000 that would be required. It was under these circumstances that Chester undertook to find a partner who would contribute $5,000. About June 9, 1958, Chester delivered to Mrs. Broz, in the presence of her husband, Ocean State's check for $5,000. Mrs. Broz testified that she assumed Chester Mau was to be the partner. Mrs. Chester Mau testified that when the $5,000 check was given to Mrs. Broz, her husband said ''This is the check for $5000 on Ocean State for its half of the partnership in Santa Monica.'' Chester Mau testified that he and his wife met with Mr. and Mrs. Broz on June 9th and when he delivered the $5,000 check to Mrs. Broz in the presence of her husband he stated that ''Ocean State was her partner—their partner.'' Neither Mr. nor Mrs. Broz said anything in response to the statement that Ocean State was to be the partner. There was no testimony by any witness that Chester ever said that he or any one other than Ocean State would be the partner in the transaction. Neither was there any denial by the defendants that Chester had informed them that he could not become interested in the property for the reason that Union Federal held a lien upon it as security for the loan. There is no substance whatever to the contention that it was agreed that Chester and not Ocean State entered into a partnership with the defendants.

An interlocutory judgment was entered declaring the formation of a partnership between plaintiff and defendants in 1958, vesting ownership of the property, one-half in plaintiff and one-half in defendants, directing Emil to render a full accounting within 20 days, reserving jurisdiction in the matter of an accounting, and providing that if no accounting were rendered within that time, judgment would be entered on motion of plaintiff approving a purported accounting submitted by Mrs. Broz (to be referred to hereafter). Although defendants were in possession of the report of a complete accounting of all receipts and disbursements concerning the project, provided by an accountant of their choice, neither the same nor any other accounting was furnished by defendants within the 20 day period, or later. Thereafter plaintiff gave defendants notice of entry of the interlocutory judgment and 51 days after the entry of the same, the court, upon plaintiff's

motion, entered the judgment from which the appeal was taken.

The next contention of appellant is that if there was a partnership it was terminated by the failure of plaintiff to meet the demands of Broz for the contribution of additional sums for completion of the building. Although there was testimony that Mrs. Broz made requests of Chester for the contribution of additional sums the court found that no request was made for any specific sum. The contention of appellant is that the failure of plaintiff to provide additional funds, ipso facto, terminated the partnership. It is not contended that either party gave notice to the other terminating the partnership and no authority is cited for the proposition that it was terminated by the failure of plaintiff to furnish more money. The court evidently found that the institution of the action by Ocean State on November 16, 1959 "terminated" the partnership. The interlocutory judgment declared that the partnership was terminated and it was ordered dissolved as of that date subject to an accounting and "winding up of the business affairs thereof, if any."

■ The interlocutory judgment which was signed December 1, 1961, did not award costs; December 6th plaintiff served notice of entry of this judgment; January 18, 1962, plaintiff served on defendants a memorandum of costs and disbursements; January 22d, appellant gave notice of a motion to strike the cost bill, which motion was denied. Final judgment was entered January 25th; it did not provide for costs. Defendant gave notice of another motion to strike the costs bill, which motion, presumably, was denied. February 13th, the court of its own motion ordered that the final judgment of January 25, 1962, "is hereby corrected to conform to the actual judgment announced and rendered by the Court" and "It Is Hereby Ordered that plaintiff have judgment for costs in the above entitled action as against defendants, . . ." The order recited that the judgment as announced by the court was " 'as prayed for by plaintiff in its Complaint,' " and that the failure to include costs in the judgment, as entered, was a clerical error. The court was not without power to correct the record to speak the truth.

■ The final point to be considered is that the court, having determined that a partnership existed, and that an accounting should be rendered by defendants, failed to make a reference for the purpose of an accounting. Mrs. Broz kept the books for the defendants; Mr. Broz had nothing to do with

them. Prior to the trial Mrs. Broz had procured an interlocutory decree of divorce. In the joint pretrial statement Mrs. Broz admitted all allegations of the complaint and, as a part of the statement, she filed a document which was referred to as an accounting. The statement was not verified or placed in evidence.

The "accounting" furnished by Mrs. Broz showed receipts by defendants of $83,000, consisting of plaintiff's contribution of $5,000, loan receipts of $56,000 and rental income of $22,000. It showed disbursements of $50,500, consisting of completion costs $38,000 and "Operations, maintenance, etc." $12,500. Thus the receipts, exclusive of plaintiff's $5,000 contribution, exceeded the disbursements by $27,500.

The statement is headed:
"Accounting-Ocean State-Broz
"April 1, 1958 to March 1, 1960 (inclusive) funds only"
Under "Division of Capital Assets" appeared:
"Ocean State Builders, Inc.:
　　"Refund of capital investment. .$ 5,000.00
　　"1/2 excess over capital. . . . . . . . . 13,750.00
　　　　　　　　　　　　　　　　　　　　$18,750.00
"Emil R & Marion M. Broz:
　　"1/2 excess over capital . . . . . . . . . . . . . . . . . 13,750.00
　　　　　　　　　　　　　　　　　　　　$27,500.00
"Comment: . . . Defendants are indebted to plaintiff in the sum of $18,750.00."

As an accounting the statement related only to receipts and disbursements to March 1, 1960. If the parties had agreed upon an equal division of the $27,500, which defendants had received, and if defendants had agreed to return plaintiff's capital investment of $5,000 and plaintiff had agreed to accept it, defendants would have owed plaintiff $18,750. There was, of course, no agreement of this sort, nor, in fact, any agreement with respect to an accounting.

There was an entire absence of evidence to support a judgment for money in favor of plaintiff against Emil Broz. The judgment against him could only be affirmed if it appeared that he had lost his right to challenge it on appeal. He has not lost that right. He could have understood that the court might accept the statement of Mrs. Broz of receipts and disbursements over a limited period but he could scarcely have anticipated that the court would render a money judgment against him, based upon the admissions and the stipulation of Mrs. Broz.

The judgment is clearly not a judicial adjudication and determination of the controversy. Upon the contrary it has created a situation which will necessitate further litigation unless the cause is remanded to the trial court for the purposes of an accounting. Of course it must be reversed as to the award of money against Emil.

Mrs. Broz, through her attorney, stipulated for judgment of $18,750 against herself and Emil, jointly and severally, and the judgment is in that form. She has not appealed to avoid the result of the stipulation.

Appellant's objections to the findings are not well taken. The findings dispose of all material issues and are sufficient to support the provisions of the judgment that are not reversed.

The judgment is reversed as to Emil Broz with respect to the monetary award and for the purpose of an accounting; in all other respects it is affirmed; no costs of appeal to either party.

Ford, J., and Files, J., concurred.